UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DOUGLAS SINCLAIR,

        Plaintiff,

v.                        Case No. 3:12-cv-939-J-99TJC-JRK

HARRY L. SHORSTEIN,
etc.; et al.,

        Defendants.
_____

### REPORT AND RECOMMENDATION[1]

Plaintiff, an inmate of the Florida penal system, who is proceeding *pro se*, initiated this action by filing a Civil Rights Complaint (Doc. #1) (hereinafter Complaint) and a motion for leave to proceed *in forma pauperis* (Doc. #2). As Defendants, Plaintiff names Harry L. Shorstein, a former State Attorney; John I. Guy, an Assistant State Attorney; Henry W. Cook, the former Clerk of Court (Duval County); D.P., a Deputy Clerk for Duval County; and Tina G. Rees, a Notary Public, Duval County. Plaintiff also filed a Declaration that expands the allegations in the Complaint (Doc. #9).

In his Complaint, Plaintiff alleges in substance that Defendants presented a fraudulent charging Information in his

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file timely objections may bar a party from a de novo determination by a district judge and from attacking factual allegations on appeal. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

state criminal case, and in so doing, violated Plaintiff's rights under the Fifth, Eighth and Fourteenth Amendments to the Constitution. Plaintiff seeks the following relief: a declaration that Plaintiff's constitutional rights were violated; a preliminary and permanent injunction "ordering defendants J.I. Guy, D.P. (Last name unreadable) and Tina G. Rees to correct the injustice that was done"; compensatory damages as to all defendants in the amount of $5 million; punitive damages as to all defendants in the amount of $5 million; and nominal damages as to all defendants in the amount of $5 million.

More specifically, Plaintiff in substance makes the following allegations in his Complaint. He states that on June 29, 2000, he was arrested and detained for fifty-eight days with no formal charges being filed by Assistant State Attorney Michael P. Moran. Plaintiff's attorney, Lara Nezami, apparently an Assistant Public Defender, filed a motion on August 25, 2000 seeking to release Plaintiff. A hearing was held on August 31, 2000, and continued to September 1, 2000. At the September 2000 hearing, Judge Brad Stetson denied the motion to release and granted Assistant State Attorney Moran an extension of time to file charges. An oral demand for speedy trial was made on October 10, 2000, after Plaintiff turned down a plea offer from the state. Two weeks later, Plaintiff was assigned a different

Assistant Public Defender, and he refused to waive speedy trial. The trial was set for November 6, 2000. Assistant State Attorney Moran failed to file charges before trial. Plaintiff went to trial without formal charges having been filed, and he was found guilty on two counts.[2]

Although Plaintiff claims that no formal charges were filed, Attachment D to the Declaration is an Information that on its face appears to have been filed on August 17, 2000. The Information charges Plaintiff with burglary of a structure or conveyance, dealing in stolen property, and grand theft auto, and it appears to have been signed by Defendant John I. Guy and notarized by Defendant Tina G. Rees. Defendant DP (last name unreadable) is listed as the deputy clerk of court who filed the Information. Her signature is on the Information. Reading Plaintiff's Complaint and Declaration together, Plaintiff apparently contends that this Information was not in existence as the time of his trial and was falsely and fraudulently created after the trial to cover up Moran's failure to file an Information timely. Plaintiff asserts that Defendants Guy, D.P. and Rees conspired to cover up the mistake of Assistant State Attorney Moran by placing their signatures on the falsified and

---

[2] The Florida Department of Corrections website shows that Plaintiff was convicted of trafficking in stolen property and grand theft of a motor vehicle, and he was sentenced to twenty-one years and ten years on the charges, respectively.

fraudulent Information. Plaintiff contends that Defendants Shorstein and Cook permitted the cover up of Moran's mistake.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). The Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

To the extent that Plaintiff is seeking monetary relief against the prosecutors, he is not entitled to such relief. Prosecutors are entitled to "absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984). Thus, the prosecutors named as defendants are entitled

to absolute immunity, and monetary relief is not available for the prosecutors' alleged wrongs.[3]

To the extent Plaintiff is seeking declaratory and injunctive relief, the prosecutors are not protected by absolute immunity from claims for such relief, see Bolin, 225 F.3d at 1242, nor are the other defendants. To obtain declaratory or injunctive relief, however, Plaintiff must establish (1) the violation of a right, (2) the existence of a serious risk of continuing irreparable injury from said violation if relief is not granted, and (3) no adequate remedy at law. See id.

Upon review of Plaintiff's Complaint, Plaintiff "cannot establish the prerequisites for injunctive or declaratory relief." Bryan v. Murphy, 243 F. Supp. 2d 1375, 1382 (N.D. Ga. 2003). Liberally construing the Complaint, Plaintiff may be seeking to challenge his conviction. An adequate remedy at law is available to Plaintiff for the apparent relief sought, see Bolin, 225 F.3d at 1242, as he may seek post-conviction relief

---

[3] At this early stage, the Court cannot find that dismissal of claims against the other defendants in this matter would be appropriate based upon immunity grounds. See Lomax v. Ruvin, 387 F. App'x 930, 932 (11th Cir. July 20, 2010) (unpublished) (in a case brought against court employees, finding at "the early stage at which the district court dismissed the suit, before any defendants answered or were even served, there [was] not enough information in the record . . . to determine whether dismissal might have been appropriate [based on] immunity"); Williams v. Wood, 612 F.2d 982, 985-86 (5th Cir. 1980) (per curiam) (stating that clerks of state courts enjoy qualified immunity for performance of discretionary acts, but finding allegations of bad faith and malice, "if true, would overcome . . . qualified immunity and would justify relief"); Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

in the state court system and the federal courts. Finally, insofar as Plaintiff requests this Court to overturn his conviction, such a request is not cognizable in a civil rights proceeding. Plaintiff must first seek relief in state court. If he is not successful in obtaining relief from the state courts, he may then challenge his conviction in this Court by filing a petition for writ of habeas corpus.

Finally, setting aside the immunity issues and the issues with the various types of relief sought, the Court is convinced that Plaintiff's Complaint is frivolous; Plaintiff has little or no chance of success on a claim of federal constitutional deprivation because the action is barred by the statute of limitations. The alleged incident occurred in 2000. The appropriate limitations period for this claim is four years. Wilson v. Garcia, 471 U.S. 261, 276-79 (1985) (proper limitations period for section 1983 actions in Florida is the four-year limitations period set forth in Florida Statutes section 95.11(3)). See Omar ex. re. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (recognizing the applicable statute of limitations in a § 1983 lawsuit in Florida is the four-year statute of limitations for personal injuries). Plaintiff's action is barred by the statute of limitations and is due to be dismissed as frivolous. See Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990)

("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

### Conclusion

For all of the above-stated reasons, dismissal of this case without prejudice pursuant to 28 U.S.C. § 1915A(e)(2)(B) is appropriate.[4] Accordingly, it is hereby

**RECOMMENDED:**

1. That this case be **DISMISSED WITHOUT PREJUDICE**;

2. That the Clerk be directed to enter judgment dismissing this case without prejudice, and to thereafter close the case; and

3. That the Clerk be directed to terminate any pending motions.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida this 8th day of November, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Often, it is appropriate to provide a pro se plaintiff an opportunity to amend his Complaint when he has failed to state a claim, but with amendment may be able to do so. See Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (stating that a court should not dismiss pursuant to § 1915 for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated") (internal quotation omitted). No such opportunity need be given here because any amendment would be futile. Given the undersigned's findings, Plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

sa 10/15
c:
Honorable Timothy J. Corrigan
United States District Judge

Douglas Sinclair